Filed 7/15/13  P. v. Birch CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071345 |
| v. | (Super. Ct. No. 12HC00011) |
| CRAIG BIRCH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Craig Birch asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In March 1984, defendant pled guilty to burglary (Pen. Code,[1] § 459) and was sentenced to prison for two years eight months.  In July 1985, defendant pled guilty to

---

[1]  Undesignated statutory references are to the Penal Code.

another charge of burglary and was sentenced to prison for six years. In February 1995, a jury found him guilty of burglary and the court sentenced him to prison for 25 years to life pursuant to the three strikes law. (§§ 667, subds. (b)-(i), 1170.12.) Defendant unsuccessfully appealed the 1995 conviction to this court. (*People v. Birch* (Feb. 15, 1996, C021250) [nonpub. opn.].)

In April 2012, defendant filed a combined petition for writ of habeas corpus and petition for writ of error coram nobis. The petition alleged defendant was denied his constitutional right to the effective assistance of counsel during plea negotiations. Specifically, defense counsel advised defendant that, if he waived trial by jury, the prosecutor would recommend to the court that defendant "be given a determinate prison term, as opposed to a life sentence, and the court always follows the recommendation." In reliance on his counsel's representations, defendant "entered a plea of guilty."

It is unclear whether defendant's claim of ineffective assistance pertains to the 1984 or 1985 cases, which were the only ones he resolved by plea; or to the 1995 case tried to a jury, which, on this record, was the only one that exposed him to a third strike sentence of 25 years to life. Defendant's petition asked the court to issue a writ of error coram nobis vacating the judgment entered in 1995.

In May 2012, the trial court denied the petition for writ of error coram nobis. The court found defendant had provided no explanation for his multi-decade delay in challenging his prior convictions by guilty plea. Nor had defendant provided any information regarding when he first learned of the alleged errors. The court noted defendant had filed numerous prior writs and was improperly raising claims in a piecemeal fashion. Finally, the court noted that a claim of ineffective assistance of counsel prior to entry of a plea is not appropriately raised in a petition for writ of error coram nobis.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and

2

determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      HOCH      , J.


We concur:


     BLEASE    , Acting P. J.


      BUTZ    , J.